CITY OF CLEVELAND, MISS. *v.* T. V. CABLE COMPANY, INC.

No. 41430 July 11, 1960 121 So. 2d 862

*Valentine & Valentine,* Cleveland, for appellant.

*Smith, O'Hare & Smith,* Cleveland, for appellee.

ARRINGTON, J.

This case involves the assessment of personal property of appellee, T. V. Cable Company, Inc., by the City of Cleveland, Mississippi, appellant. The appellee is engaged in furnishing television service through a system established partly inside the City of Cleveland and partly outside. It is now servicing approximately 1100 customers, using four towers and about 118,000 feet of coaxal cable and other facilities. It charges a monthly maintenance and service charge for television service to its customers. Taxes on the personal property of appellee for the year 1958 were duly and lawfully assessed and made final at a recess meeting of the mayor and board of aldermen on September 15, 1958, and no objection was made thereto and no appeal taken therefrom. The valuation of the appellee's personal property was fixed for tax purposes at $35,000. Thereafter on January 6, 1959, appellee made application for a change of assessment under Sections 3742(20) and 9815(12) of the Mis-

sissippi Code of 1942. Section 9815 authorizes changes in assessments upon application of the party interested for various reasons, including that set forth in subsection 12 of Section 9815, which is as follows:

"When the property has been assessed for more than its actual value; but in such cases the board shall require proof, under oath, of such excessive assessment by two or more competent witnesses who know of their own personal knowledge that the property is assessed for a higher sum than its true value."

The mayor and board of aldermen entered an order on January 6, 1959, upon application of appellee reducing the assessment from $35,000 to $30,000, and the taxpayer appealed to the circuit court under the provisions of Section 1196, Mississippi Code of 1942, which provides for a hearing de novo by the circuit court.

When the case came on for trial in the circuit court, the appellee, taxpayer, offered testimony that the cost of that portion of the appellee's system within the city limits of the City of Cleveland was $33,375.68, and introduced the invoices for the material and labor totaling said figure. It also offered testimony that the usual and customary method employed by the City of Cleveland in assessing taxes was to value the property at twenty percent of its value. It also offered some testimony indicating that the replacement of its system, insofar as labor and material was concerned, would be about the same as the cost. The City of Cleveland did not put on any proof and moved for a directed verdict at the conclusion of the plaintiff's case. The jury assessed the property of appellee at $6,667.00. The City appealed to this Court.

The question in this case is whether upon an appeal from an order in proceedings for a change of assessment under subsection 12 of Section 9815 of the Mississippi Code of 1942 the taxpayer is entitled to have the jury change the assessment under the applicable statutes by offering proof of the cost of the labor and

material expended in establishing the appellee's system inside the City of Cleveland.

■■ ■ No testimony was offered by appellee as to the actual or true value of the property owned by appellee within the City of Cleveland. The testimony was limited to the cost of labor and materials employed in constructing the system. Code Section 9815(12) authorizes a change in assessment only if the property has been assessed for more than its actual value and requires proof by two or more competent witnesses who know of their own personal knowledge that the property is assessed for a higher sum than its true value. Obviously, the statute uses the terms "actual value" and "true value" synonomously. The cost of labor and material is not necessarily the actual or true value of property. Nor does the statute make replacement value the test. Its actual or true value must be determined before it can be ascertained if the property is assessed for a sum which authorizes a change after the assessment has become final. And the burden is upon the taxpayer to show by two or more competent witnesses who know of their own personal knowledge that the property is assessed for a higher sum than its true value. The witnesses offered by appellee did not qualify as competent witnesses. They qualified only as being competent to testify as to the cost of labor and materials in constructing the system.

■■ ■ As used in the statute in question, the terms "actual value" and "true value" are not synonomous with costs of labor and materials used in constructing the property. "Actual value" and "true value" mean in a tax statute the same as "market value", or essentially the value property has in exchange for money. E. Ingraham Co. v. Town and City of Bristol, 132 A. 2d 563, 566, 144 Conn. 374; Gibraltar Corrugated Paper Co. v. North Bergen Tp., Hudson County, N. J., 119 A. 2d 135, 137, 20 N. J. 213; City of Newark v. West Milford Tp., Passaic County, 88 A. 2d 211, 214, 9 N. J.

295; National Folding Box Co. v. City of New Haven, Conn., 153 A. 2d 420, 424; Buerger v. Board of Property Assessment, Appeals and Review of Allegheny County, 149 A. 2d 466, 468, 188 Pa. Super. 561; McAdams v. Bolsinger, Ohio Prob., 129 N. E. 2d 878, 882; Sibley v. Town of Middlefield, 120 A. 2d 77, 80, 143 Conn. 100.

 We are therefore of the opinion that the learned trial judge erred in refusing to grant a directed verdict for the City of Cleveland.

It should be noted that this is not an appeal from an assessment of property done at the regular time and place for assessing ad valorem taxes. Appellee prosecuted no appeal from the assessment made in September 1958. This is an appeal from an order on an application for a change in an assessment that had already become final. Section 9815 authorizes changes in certain situations therein enumerated and under subsection (12) the terms thereof must be complied with before any change may be made. This the appellee failed to do, and until the taxpayer proves the property is assessed at a sum higher than its actual or true value, the assessment may not be changed.

Reversed and judgment rendered here for appellant.

*Lee, Kyle, Holmes* and *Gillespie, JJ.*, concur.