LEE, Justice, for the Court:
Knights & Daughters of Tabor, an unincorporated association, has appealed from a judgment of the Circuit Court of Bolivar County, Honorable Elzy J. Smith presiding, affirming an order of the County Court approving the action of the Mayor and Board of Aldermen of the City of Mound Bayou declining to change the assessment of certain real property. We affirm.
Did the lower courts err in holding that appellant failed to introduce proof of the true value of its property?
Appellant owns two 12-unit apartment complexes located on the southern three-fourths of Green’s Square in the city of Mound Bayou. In 1977 the property was assessed by appellee at a value of $50,400. On a 20-mills levy, the 1977 taxes amounted to $1008. In 1978 the property was assessed at a value of $151,200 and the 1978 taxes on the same millage rate amounted to $3024.
Pursuant to Mississippi Code Annotated section 21-33-29 (1972), appellee published notice that objections to the assessments on the tax rolls for the year 1978 would be heard October 3, 1978. Appellee did not appear at the time and place provided and register objections to the 1978 assessment. In compliance with Mississippi Code Annotated sections 21-33-31, 21-33-33, 21-33-35 (1972), appellee equalized and finally approved the rolls and assessments for the year 1978. Section 21-33-39 provides the following:
Any taxpayer, or any person owning or having a legal interest in any property, feeling aggrieved at the action of the governing authorities in equalizing and making final assessments, shall have the right of appeal to the circuit court in the manner provided by section 11-51-77, Mississippi Code of 1972, within twenty days after the adjournment of the meeting of the said governing authorities at which the final approval of the assessment roll is entered on the minutes.
Appellant failed to take advantage of the above section and did not appeal from the final assessment of its property. However, on January 2, 1979, appellant filed a petition with the Mayor and Board of Aldermen of Mound Bayou seeking a change and reduction in the real property assessment. At its regular January 2, 1979, meeting, appel-lee denied the petition on. the ground that the assessment was equitable and in line with the assessments of similar properties and that the petition had not been filed prior to the October 1978 deadline for hearing objections to the assessments. In due course, appellant appealed to the Circuit Court of Bolivar County, the matter was heard upon transfer to the County Court, and the action of the Mayor and Board of Aldermen of Mound Bayou was affirmed by those courts.
Mississippi Code Annotated section 27— 35-143 (1972), provides that property assessments in a situation such as is presented here may be changed and decreased for one of fourteen circumstances enumerated in that section.. The section and circumstance applicable here are as follows:
The board of supervisors of each county shall have power, upon application of the party interested, or by the assessor on behalf of such party, or otherwise as prescribed in sections 27-35-145 to 27 — 35— 149, to change, cancel or decrease an assessment in the manner herein provided at any time after the assessment roll containing such assessment has been finally approved by the state tax commission, and prior to September 30 next, being the end of the fiscal year in which the taxes on such assessment are payable, under the following circumstances and no other:
12. When the property has been assessed for more than its actual value; but in such cases the board shall require proof, under oath, of such excessive assessment by two or more competent witnesses who know of their own personal knowledge that the property is assessed for a higher sum than its true value.
*550 Appellant did not introduce proof of the actual value of its property assessed and wholly failed to comply with (12) herein-above set forth.
City of Cleveland v. T. V. Cable Co., Inc., 239 Miss. 184, 121 So.2d 862 (1960), involved the assessment of T.V. Cable Company, Inc. property by the City of Cleveland. As here, no objection was made at the time and place set by the City of Cleveland for hearing objections to the assessment of property. No objection was made and no appeal was taken from the final assessments. The section quoted above was relied upon by the taxpayer. This Court held that the burden is upon the taxpayer to show by two or more competent witnesses (who know of their own personal knowledge) that the property is assessed for a higher sum than its true value. The taxpayer failed to meet that burden and the assessment by the City of Cleveland was upheld. The Court said:
It should be noted that this is not an appeal from an assessment of property done at the regular time and place for assessing ad valorem taxes. Appellee prosecuted no appeal from the assessment made in September 1958. This is an appeal from an order on an application for a change in an assessment that had already become final. Section 9815 authorizes changes in certain situations therein enumerated and under subsection (12) the terms thereof must be complied with before any change may be made. This the appellee failed to do, and until the taxpayer proves the property is assessed at a sum higher than its actual or true value, the assessment may not be changed. (239 Miss. at 191, 121 So.2d at 864)
Appellant failed to comply with Section 27-35-143 (12) and the lower court correctly held that no competent evidence was adduced by appellant that its property was assessed for a higher sum than its true value, and the lower court is affirmed on that question. In view of such decision, we do not reach, or consider, the constitutional question advanced by appellant, and the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.